UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ENAMUL HAQE CHOWDHURY,

                Plaintiff,

-against-

GOVERNMENT OF THE PEOPLES
REPUBLIC OF BANGLADESH, et al.,

                Defendants.

1:25-CV-6163(LTS)

ORDER DIRECTING PAYMENT OF
FEES OR AMENDED IFP APPLICATION

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

       Plaintiff Enamul Haqe Chowdhury, of Dhaka, Bangladesh, who appears *pro se*, seeks to proceed *in forma pauperis* ("IFP"). (ECF 2.) To proceed with a civil action in this court, a plaintiff must either pay $405 in fees – a $350 filing fee plus a $55 administrative fee – or, to request authorization to proceed without prepayment of fees, submit a completed and signed IFP application. *See* 28 U.S.C. §§ 1914, 1915.

       "The ability to proceed IFP is a privilege provided for the benefit of indigent persons." *Cuoco v. BOP*, 328 F. Supp. 2d 463, 467 (S.D.N.Y. 2004) (internal quotation marks and citation omitted). Thus, "the court system depends on the honesty and forthrightness of applicants to ensure that the privilege is not abused." *Id.* (internal quotation marks and citation omitted). The Court must dismiss an action in which a person applies to proceed IFP if their "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). This statutory provision "serves the purpose of preventing abuse of the judicial system by weed[ing] out the litigants who falsely understate their net worth in order to obtain [IFP] status when they are not entitled to that status based on their true net worth." *Vann v. Comm'r of N.Y.C. Dep't of Corr.*, 496 F. App'x 113, 115 (2d Cir. 2012) (summary order) (internal quotation marks and citation omitted, first alteration in original). The IFP statute, 28 U.S.C. § 1915, "neither requires a litigant to demonstrate absolute destitution, nor

requires dismissal for inaccuracies, misstatements, or minor misrepresentations made in good faith." *Id.* (internal quotation marks and citations omitted). Dismissal under Section 1915(e)(2)(A) is warranted, however, "where a plaintiff conceals or misrepresents his or her financial assets or history in bad faith to obtain [IFP] status." *Id.* "[D]eliberate concealment of income in order to gain access to a court without prepayment of . . . fees" is an example of such bad faith. *Id.*

In his IFP application, Plaintiff alleges that he is employed, but he does not indicate his employer's name and address, nor the amount of his monthly pay or wages. (ECF 2, at 1.) Plaintiff asserts that, in the past 12 months, he has received money from rent payments, interest, or dividends, that he is the owner of his "present [a]ddresss," and that he apparently collects "monthly rent" in the amount of $100.00, as well as "monthly 80 USD ratio for 6 month [I] received past year in August 2024 [*sic*]." (*Id.* at 1-2.) He also alleges that he has "high value asset[s] above 480 [b]illion in Federal Reserve with JFICS Judg[ment] [*sic*]." (*Id.* at 2.) Plaintiff further alleges that he owns "all stock, automobile cars, buses affected with vandalism [*sic*]." (*Id.*) He alleges that he "share[s] utility bills with other[][ co[-]owners of [his] point of contact or present address [*sic*]," and that he has a minor son to which he contributes "only simple food and clothing with books [*sic*]." (*Id.*) Plaintiff also states that he has "never gotten any loan." (*Id.*)

Because of the inconsistent statements Plaintiff makes in his IFP application, the Court cannot, at this time, determine whether he has insufficient funds to pay the required fees and, thus, whether the Court should grant him IFP status. Accordingly, within 30 days of the date of this order, Plaintiff must either pay the $405 in fees to bring this action or fully and clearly complete, sign, and submit the attached amended IFP application. If Plaintiff submits the amended IFP application, it should be labeled with docket number 1:24-CV-6163 (LTS), and

provide specific facts to establish that he is unable to pay the fees to bring this action. Plaintiff should fully and truthfully answer all of the questions in his amended IFP application. If the Court grants the amended IFP application, Plaintiff will be permitted to proceed without prepayment of fees. *See* § 1915(a)(1). The Court warns Plaintiff that the Court must dismiss this action if it determines that his "allegation of poverty is untrue." § 1915(e)(2)(A).

No summons shall issue at this time. If Plaintiff complies with this order, this action shall be processed in accordance with the procedures of the Clerk's Office. If he fails to comply with this order within the time allowed, the Court will dismiss this action.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:  September 10, 2025
        New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge